# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**PRIORITY SEND JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-01827 GW (GJSx) | Date | August 7, 2018 |
| Title | APM.MC USA, Inc., et al. v. Sequoia Europe Ltd., et al. | | |

| | |
|---|---|
| Present: The Honorable | GEORGE H. WU, United States District Judge |

| | |
|---|---|
| Javier Gonzalez | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (IN CHAMBERS): **ORDER REMANDING ACTION TO STATE COURT**

This Order follows from and incorporates the discussion and analysis presented in the Further Ruling re Diversity Jurisdiction ("Further Ruling") issued as part of the hearing held in this action on August 2, 2018. *See* Docket No. 52. As primarily discussed in the Further Ruling, the parties dispute whether plaintiff APM.MC USA, Inc. ("APM USA") has its principal place of business in New York or in China. For reasons expressed therein, the Court concluded that APM USA's principal place of business is in China, making it a citizen of both China and California (where it is incorporated). Nothing APM USA's counsel argued at oral argument has shifted the Court's thinking on that point.

For present purposes, however, it does not matter in the end if the Court is incorrect in that principal place of business conclusion. If the Court is *incorrect*, and APM USA is a citizen of New York, this Court lacks diversity jurisdiction because both APM USA and defendant Sequoia Group Holdings, LLC are citizens of New York. If it is *correct*, and APM USA is a citizen of both California and China, the Court believes that the plain language of 28 U.S.C. § 1332(a)(3) does not allow for jurisdiction here, as briefly explained below.

Section 1332(a)(3) allows for federal jurisdiction where a civil action is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties" (and the applicable jurisdictional minimum amount in controversy is present). 28 U.S.C. § 1332(a)(3). The key phrase here is "additional parties" because it raises the necessary question of "additional" to what? The plain language of the statute suggests the answer – "additional" to those parties who are the "citizens of different States."

Under Section 1332(a)(3), there must be "citizens of different States" on both sides of the party ledger, plaintiff and defendant. In this case there are only two plaintiffs, and the *other* plaintiff – APM.MC Canada, Inc. ("APM Canada") – is solely a Canadian citizen. Therefore, it must be APM USA which is the "citizen of [a] State[]" on the plaintiffs' side of the ledger. If APM USA is the "citizen of [a] State[]" under Section 1332(a)(3), it cannot *also* be an "additional party." In other words, it cannot be a party that is "additional" to itself (as the party that is the "citizen of [a] State[]"), and it cannot be "additional" to APM Canada because APM Canada is not a "citizen of [a] State[]."

At oral argument, defense counsel attempted to argue that there *is* an "additional party" on the plaintiffs' side of the ledger – APM Canada, which is indeed a "citizen[] or subject[] of a foreign state."

But this ignores the fact that – under the Court's principal place of business determination – APM USA is *also* a "citizen[] or subject[] of a foreign state," and therefore it must also satisfy the "additional party" characterization. For the reason expressed above, it cannot.

It is also clear that APM USA cannot solely be considered a "citizen of [a] State[]" in this litigation due to its California citizenship. First, as 28 U.S.C. § 1332(c)(1) makes clear, a corporation – such as APM USA – is a citizen not just of the State in "which it has been incorporated," but also of the "foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In other words, it has dual citizenship. Here, as noted, the Court has determined that APM USA's principal place of business is in China, and that it is therefore also a citizen of China.

Second, although this case is not one that concerns 28 U.S.C. § 1332(a)(2) (which establishes jurisdiction over actions between "citizens of a State and citizens or subjects of a foreign state" that meet the jurisdictional minimum amount in controversy), a principle employed in the context of analysis undertaken in connection with diversity jurisdiction under that section (and which properly takes into account the impact of the statutorily-mandated dual-citizenship reflected by Section 1332(c)(1)) is equally applicable here. Several Section 1332(a)(2) cases instruct that an entity with dual citizenship may *not* have one of those two citizenships effectively *ignored* in order to fit within the confines of an otherwise-applicable jurisdictional statute. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990-91 (9th Cir. 1994); *Slavchev v. Royal Caribbean Cruises, Ltd.*, 559 F.3d 251, 254 (4th Cir. 2009); *Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co., Ltd.*, 509 F.3d 271, 272-73 (6th Cir. 2007); *Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000). But this would be the only way for this case to fit within Section 1332(a)(3) if the Court has correctly determined that APM USA has a Chinese principal place of business: the Court would have to regard APM USA *only* as a "citizen of [a] State[]" and *not* as a "citizen[] or subject[] of a foreign state" which is an "additional part[y]."

Because this action does not fit within (or satisfy the plain language) of any subparagraph of Section 1332(a), there is no federal jurisdiction over this action. As such, the Court remands the case to the Superior Court of the State of California, County of Los Angeles.

The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

Deputy Clerk: YS for JG